### Tobias L. Warner, *vs.* Isaac Hedly & Co.

Where A. made an assignment and still continued in possession of the goods, dealing with them as his own, without having given public notice of the assignment, and B. purchased goods of A. with the supposition, that he could set-off against the price certain demands which he held against A., *held*, that the doctrine that the assignor's remaining in possession of the goods assigned avoids the assignment, applies to an action brought by the assignee against an attaching creditor or *bona fide* purchaser, and not to an action in which the assignee affirms the purchase and demands the price of the goods; and that, if the defendant wishes to make his demands against the assignor available in payment for the goods, he should plead them in off-set to the action by the assignee.

Assumpsit on Book Account. It appeared in evidence that on June 18th, 1850, Ezra G. Brown, a merchant, executed an assignment of his stock of goods to the plaintiff in trust for the benefit of his creditors. That notice of this assignment was not published in the papers until the twentieth. On the 19th of June, Brown being still in the store and disposing of the goods apparently as his own, the defendant, without notice of the assignment, purchased the goods, on which this action was based, and received a bill of sale of them, made out in Brown's name. The defendant pleaded the general issue, and

contended that, at the time of the purchase, there being no visible change of the possession, and he having purchased the goods under the impression that he could offset them by demands against Brown, he was not liable in the present action.

CARPENTER for the plaintiff.

BURGES for the defendant.

GREENE, Chief Justice, charged the Jury.

This is an action of Assumpsit on Book Account for the price of certain goods, sold to the defendant by Mr. Brown, the plaintiff's agent. Neither the sale nor the price of the goods is in dispute. The plaintiff's title and right to maintain this suit is derived from a deed of assignment executed by Mr. Brown, June 18th, 1850, in trust for the benefit of his creditors. There is no dispute but that on its face the assignment is valid. The defence is, that there was no delivery of possession. Brown was permitted to remain in open and visible possession, and Hedly, when he went to purchase, found Brown exercising ownership over the goods, and bought the goods in the supposition that Brown was the owner. Brown gave no notice of the change, sold the goods as his own, and made out the bill in his own name. The defendant has demands against Brown, which, when these goods were bought, he expected to be able to offset against the price; and he contends that Brown having been permitted to remain in possession of the goods, the deed of assignment is void in reference to any party dealing with Brown without notice. It is the general doctrine, that where one person assigns goods to another, and still remains in possession, the assignment is void as to attaching creditors and *bona fide* purchasers. This

Tobias L. Warner *vs.* Isaac Hedly & Co.

doctrine does not, however, go so far as to defeat the present action. The defendant is not sued for the goods on the ground that the sale was void ; on the contrary, the plaintiff affirms the sale. Where the sale is made by the agent without disclosing the principal, suit may be brought either by the agent or the principal—the principal affirming the contract. The doctrine of fraud applies to an action brought by the assignee against an attaching creditor or *bona fide* purchaser for goods sold by the assignor in possession. In this case the plaintiff affirms the defendant's title to the goods. The defendant himself admits that he bought the goods and is bound to pay for them ; but says that he bought them of the assignor, expecting to offset certain claims which he held against him. He complains that injustice has been done by Brown in not disclosing his principal. But his defence is not to deny the validity of the assignment, but to offset his demands against the agent in the suit by the principal. Where one deals with another upon the basis of a mutual offset of demands, without disclosing that he is an agent, when the principal assumes the contracts of his agent, he takes them subject to the offset against the agent. But in the present case, if you are satisfied that there was a fair assignment, the plaintiff has a right to recover.

Verdict for the plaintiff.